UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES EDWARD PHILLIPS, III,

        Petitioner,

vs.                                Case No.   3:22-cv-638-BJD-MCR
                                                3:18-cr-142-BJD-MCR

UNITED STATES OF AMERICA,

        Respondent.

_____

**ORDER**

## I.  INTRODUCTION

On June 7, 2022 pursuant to the mailbox rule, Petitioner James Edward Phillips, III, filed a pro se motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civ. Doc. 1, § 2255 Motion).[1]  He pleaded guilty to four counts of distributing cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and two counts of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   (Crim. Doc. 1, Indictment).

---

[1]  Citations to the record in the civil § 2255 case, No. 3:22-cv-638-BJD-MCR, will be denoted "Civ. Doc. __."   Citations to the record in the underlying criminal case, <u>United States vs. James Edward Phillips, III</u>, No. 3:18-cr-142-BJD-MCR, will be denoted "Crim. Doc. __."

Petitioner raises one ground in the § 2255 Motion: ineffective assistance of counsel.   (Civ. Doc. 1, § 2255 Motion at 4).   In support, he states the following:

> My [counsel] failed to object to the PSA done in my case that resulted in me being counted 3 extra criminal history points for a crime that occurred on the same day and sentence on the same day.   I filed an appeal to get my criminal history corrected so that I will no longer be pre[j]udiced by an erroneous score that effects my custody and my eligibility for the First Step Act which makes me have to stay in BOP custody longer than I should.   I am a criminal history 6 when I should be a criminal history 5 and I ask this court to notice that I am prejudiced by this matter and to correct it.

Id.   He adds that he has submitted attachments to support his contention that he has been prejudiced.[2]   Id.   Additionally, he responds affirmatively that he previously raised the claim on appeal.   Id.

The United States has responded in opposition (Civ. Doc. 3, Response). Petitioner did not file a reply.

---

[2]  The Attachments are (1) paragraphs 50 and 51 of the Presentence Investigation Report; (2) pages 23 and 24 of the Brief of the United States filed November 25, 2020 in United States of America v. Phillips, Case No. 19-14075; (3) page 3 of Order (Crim. Doc. 60); and (4) Petitioner's May 10, 2022, Inmate Request to BOP Staff with a Disposition dated May 25, 2022.

2

Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings,[3] the Court has considered the need for an evidentiary hearing and determines that a hearing is unnecessary to resolve the motion. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir.) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief), cert. denied, 577 U.S. 959 (2015).[4]   Thus, the case is ripe for review.

## II.   BACKGROUND

On August 22, 2018, a federal grand jury returned a six-count Indictment against Petitioner, charging him with four counts of distributing cocaine, in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(C), and two counts of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   (Crim. Doc. 1, Indictment).   On June 11,

---

[3] Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited when the Court finds them persuasive on a particular point.   See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

2019, at a change-of-plea proceeding before the Honorable Monte C. Richardson, Petitioner entered a plea of guilty to counts one, two, three, four, five and six of the Indictment.   (Crim. Doc. 38, Clerk's Minutes).   On June 11, 2019, Judge Richardson entered a report and recommendation, noting he found the guilty plea knowledgeable and voluntary, and that the offenses charged are supported by an independent basis in fact containing each of the essential elements of the offenses.   (Crim. Doc. 41, Report and Recommendation Concerning Plea of Guilty).   Judge Richardson recommended that the Court accept the plea and adjudicate Petitioner guilty and impose sentence.   Id. The parties waived the 14-day period to object.   (Crim Doc. 38).

At the plea proceeding before the Magistrate Judge on June 11, 2019, Petitioner affirmed he discussed the sentencing guidelines with counsel and understood them.   (Crim. Doc. 79, Transcript Change of Plea at 7).   During the plea colloquy, the Judge reviewed, and Petitioner acknowledged, the charges, the elements of the offenses, and the minimum and maximum penalties he faced.   Id. at 9-12.   There was no plea agreement.   Id. at 12. Petitioner pled guilty and confirmed he was pleading guilty because he is guilty.   Id. at 12-13.   Petitioner admitted that the facts as provided in the factual basis.   Id. at 13-24.   Thereafter, the Judge found a factual basis for the plea.   Id. at 24.

Additionally, the Judge found Petitioner alert and intelligent and that he understood the nature of the charges, his rights, and the consequences of pleading guilty.  <u>Id</u>. at 26.  The Judge considered the facts as presented by the United States and found the facts as stated support all of the essential elements of the offenses to which Petitioner pled guilty.   Thereafter, the Judge found Petitioner's decision to plead guilty to be freely and intelligently made. <u>Id</u>. at 26-27.   Finally, the Judge found, "you've had the advice of counsel and of a competent attorney, with whom you say you're satisfied."   <u>Id</u>. at 27.

On June 13, 2019, the Court entered an Acceptance of Plea of Guilty, Adjudication of Guilt, and Notice of Sentencing.  (Crim Doc. 42).   On September 26, 2019, the Court sentenced Petitioner to a guideline range sentence of 120 months' imprisonment as to counts one through six of the Indictment (Crim Doc. 51, Clerk's Minutes).   The Court also recommended to the BOP that Petitioner be confined at FCI Jesup and be allowed to participate in Evidence-Based Recidivism Programming under the First Step Act (FSA). <u>Id</u>.   The Court entered judgment on September 30, 2019.  (Crim. Doc. 52, Judgment).

Since his sentencing, Petitioner has attempted to obtain a correction of his guidelines calculation through different measures.   First, counsel moved under Rule 35 of the Federal Rules of Civil Procedure for the Court to provide

"the opportunity to amend the PSR, the guideline calculation and the sentencing[.]" (Crim. Doc. 55, Motion for Reconsideration of Sentence and Motion to Correct Guidelines and Sentence and Request for Hearing at 3). The government filed a response in opposition.   (Crim. Doc. 59).   The Court denied the Rule 35 motion finding: "The 120-month sentence was imposed after considering the relevant Section 3553(1) factors and weighing Defendant's history and characteristics, including his substantial criminal history and mitigation materials submitted by Defendant's counsel.   The Court would have imposed the same sentence whether Defendant's criminal history was V or VI."   (Crim. Doc. 60, Order at 3).

Next, Petitioner appealed his sentence.   The issue presented to the Eleventh Circuit is framed as follows: "whether counsel deprived Mr. Phillips of effective assistance of counsel before and during sentencing, where counsel did not discover an obvious error in the criminal history calculation until after sentencing."   United States v. Phillips, No. 19-14075, 2020 WL 5652216, at *1 (11th Cir. Sept. 18, 2020) (Appellate Brief).   Appellate counsel summarized her argument:

> Mr. Phillips was prejudiced by the deficiency because, with the additional criminal history points, his Guideline range increased to 100-137-months imprisonment.   Had counsel timely discovered the error in the PSR, Mr. Phillips' proper Guidelines range

6

> would have decreased to 100-124-months imprisonment. Additionally, Mr. Phillips is prejudiced by the error because the increased criminal history points affect his classification and custody within the Bureau of Prisons, limiting the rehabilitative programs available to him. Thus, it can be conclusively determined from the record on appeal, without the need for remand or additional fact-finding, that Mr. Phillips' was prejudiced by counsel's deficiency.

Id. at *8.

In her supporting argument, appellate counsel argued Petitioner was prejudiced because the increased criminal history points affect his classification and custody while limiting the rehabilitative programs available to him. Id. at *12. In a footnote, appellate counsel referenced Program Statement 5100.08, *Inmate Security Designation and Custody Classification Manual*, U.S. Dep't of Justice, Federal Bureau of Prisons. See https://www.bop.gov/policy/progstat/5100. The government responded that the record shows that Petitioner suffered no prejudice or that Petitioner has not demonstrated counsel's allegedly deficient performance resulted in prejudice. United States v. Phillips, No. 19-14075, Brief of the United States (Doc. 37).

In its opinion, the Eleventh Circuit summarized Petitioner's contention: "he asserts that he received constitutionally ineffective assistance of counsel

because his trial counsel failed to object to the calculation of his criminal history score in his presentence investigation report, which lead to a higher guidelines range and security classification within the Bureau of Prisons." United States v. Phillips, 853 F. App'x 623, 624 (11th Cir. 2021).   In denying the claim of ineffective assistance of counsel, the Eleventh Circuit determined that Petitioner "cannot show prejudice due to his attorney's failure to object to the criminal history score[.]" Id.

To provide context, the Court will repeat the procedural history set forth by the Eleventh Circuit:

> Mr. Simpson pleaded guilty to four counts of distribution of cocaine in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(C), and two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(f)(1), 924(a)(2). The charges stemmed from a series of transactions with a confidential informant working with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. At sentencing, the probation officer calculated an offense level of 25 and placed Mr. Phillips in criminal history category VI based on a total criminal history score of 15, resulting in an advisory guidelines range of 110 to 137 months imprisonment. The district court considered the factors in 18 U.S.C. § 3553(a) and sentenced him to six concurrent sentences of 120 months' imprisonment, followed by 72 months of supervised release. Neither the government nor Mr. Phillips objected to the sentence.
>
> In calculating Mr. Phillips' criminal history score, the PSI relied on two separate sets of Florida

8

convictions stemming from an arrest on June 6, 2012. The PSI stated that the first set of convictions were for unlawful possession of a motor vehicle and making a false statement in a title transfer (the vehicle violations) and that the second set was for armed burglary, kidnapping, and possession of a firearm by a convicted felon. It explained that the vehicle violations related to a stolen black SUV that Mr. Phillips and another individual used as a getaway vehicle after committing the home invasion that served as the basis for the second set of charges. As to the vehicle violations, the PSI stated that Mr. Phillips pleaded guilty on March 6, 2013, and was sentenced on December 3, 2015, to five years' imprisonment with credit for 1,701 days. As to the second set of convictions, it stated that Phillips pleaded guilty and was sentenced to five years' imprisonment with credit for 1,701 days on September 23, 2016. For the vehicle violations, the PSI added three criminal history points, under U.S.S.G. § 4A1.1(a). For the second set of convictions for armed burglary, kidnapping, and possession of a firearm by a convicted felon, it added six criminal history points, under U.S.S.G. § 4A1.1(a), (e).

Following the entry of the district court's judgment, Mr. Phillips filed a motion for reconsideration of his sentence and to correct his guidelines calculation under Fed. R. Crim. P. 35(a), and a notice of appeal designating the district court's judgment and sentence. In his motion, Mr. Clifton, Mr. Phillips' attorney, stated that he failed to make a proper objection "to the scoring of three criminal history points" in relation to the vehicle violations listed in the PSI. Mr. Clifton explained that Mr. Phillips was arrested on June 6, 2012, for the vehicle violations and that, while in custody for those violations, Mr. Phillips confessed to armed burglary, kidnapping, and possession of a firearm by a convicted

felon—the second set of charges listed in the PSI—and that he was sentenced for both sets of offenses on the same day without an intervening arrest. And because under U.S.S.G § 4A1.1(a) sentences are only counted separately if they are "separated by an intervening arrest," Mr. Phillips should only have a criminal history score of 12, a category of V, and an advisory guidelines range of 100 to 125 months' imprisonment. Mr. Clifton stated that he failed to recognize the mistake in the PSI and the relevant records that would have explained the situation. He requested the opportunity to seek to amend the PSI and the advisory guidelines calculation and to have Mr. Phillips resentenced. He said his error "would almost certainly result in remand base[d] upon ineffective assistance of counsel." **Mr. Clifton also asserted that the criminal history category affects how Mr. Phillips is scored and classified in the Bureau of Prisons.**

In support of his motion, Mr. Clifton attached state court documents related to the armed burglary, kidnapping, and possession of a firearm charges listed in the PSI. The first document, dated September 23, 2016, appears to be a judgment from a resentencing for those convictions and for a separate set of convictions for armed burglary and possession of a firearm by a convicted felon. The second document, dated August 26, 2016, was a motion by the state indicating that Mr. Phillips was eligible for resentencing in those matters. Both documents stated that Mr. Phillips's sentences had originally been imposed on December 3, 2015.

The district court denied the motion. It reasoned that Mr. Phillips's "120-month sentence was imposed after considering the relevant [§] 3553(a) factors and weighing [his] history and characteristics, including his substantial criminal history and mitigation

> materials." The district court stated that it would have imposed the same sentence whether Mr. Phillips's criminal history was V or VI.

United States v. Phillips, 853 F. App'x at 624-25 (emphasis added).

Noting that an ineffective assistance of counsel claim is usually properly raised in a collateral attack under 28 U.S.C. § 2255 and rarely appropriately raised on direct appeal, the Eleventh Circuit found, in this instance, the record was sufficiently developed to address Petitioner's ineffectiveness claim. Id. at 625-26. The Eleventh Circuit applied the two-pronged Strickland[5] standard of review. Id. at 626. It then found that Petitioner would not prevail on his claim of ineffective assistance, "because he cannot show actual prejudice from Mr. Clifton's allegedly deficient performance." Id. at 627. As far as the total sentence, it was not deemed to satisfy the prejudice requirement because the district court said it would impose the same sentence even assuming Petitioner's criminal history score were lower. Id. Thus, the calculation error was deemed harmless. Id. Furthermore, the total sentence of 120 months was deemed reasonable because it was within the lower guideline ranges and was warranted due to Petitioner's history and characteristics and the need to deter others from similar conduct. Id.

---

[5] Strickland v. Washington, 466 U.S. 668 (1984).

Finally, the Eleventh Circuit addressed the more difficult question, "whether the BOP security-classification can establish actual prejudice[.]" Id. In affirming the denial of relief, the Eleventh Circuit found that "[a] **mere claim of hypothetical prejudice due to the possibility of a different placement or eligibility for a program** does not satisfy the standard of actual prejudice." Id. (emphasis added) (citing Castillo v. Fla., Sec'y of DOC, 722 F.3d 1281, 1288 (11th Cir. 2013) (insisting upon a showing of actual prejudice in cases involving serious mistake, omissions, or errors by counsel, that is, a demonstration of a reasonable probability of a different result to satisfy Strickland)).

Thereafter, Petitioner, through counsel, filed in the district court a motion to amend criminal history points in the presentence investigation report (PSR). (Crim. Doc. 100). As relief, he asked for a correction of a mistake within the calculation of criminal history points in the PSR, seeking a change in criminal history points from 15 to 12. Id. at 1-2. The government opposed the motion, referencing the time limit in Rule 35(c) of the Federal Rules of Criminal Procedure (a 14-day period to act). (Crim. Doc. 102). See Order (Crim. Doc. 60 at 3). This Court denied the motion to amend, finding "[n]o error was made in sentencing Defendant, and Defendant provides no legal basis for the Court to provide further provide relief." (Crim. Doc. 103 at 3).

12

### III.   TIMELINESS

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner may move to vacate, set aside, or correct his sentence within a one-year period of limitation.   28 U.S.C. § 2255(f).   Respondent concedes the 2255 motion is timely.   (Civ. Doc. 3 at 10).

### IV.   STANDARD OF REVIEW

Under Title 28, United States Code, § 2255, a person in federal custody may move to vacate, set aside, or correct his sentence.   Section 2255 permits collateral relief on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack.   28 U.S.C. § 2255(a).   In short, only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack.   United States v. Addonizio, 442 U.S. 178, 184-86 (1979); Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) ("[A] district court lacks the authority to review the alleged error unless the claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice.") (internal quotation marks omitted).

13

The United States Constitution provides criminal defendants the right to effective assistance of counsel.   U.S. Const., amend. VI.   As such, a claim that a criminal defendant has received the ineffective assistance of counsel in violation of the Sixth Amendment may properly be brought in a collateral proceeding under § 2255.   Massaro v. United States, 538 U.S. 500, 504 (2003). In order to establish the ineffective assistance of counsel, a petitioner must satisfy two prongs: (1) that his counsel's conduct amounted to constitutionally deficient performance, and (2) that counsel's deficient performance prejudiced his defense.   Strickland, 466 U.S. at 687; Martin v. United States, 949 F.3d 662, 667 (11th Cir. 2020), cert. denied, 141 S. Ct. 357 (2020).

In determining the performance prong, the Court adheres to the standard of reasonably effective assistance.   Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994) (citing Strickland, 466 U.S. at 688), cert. denied, 513 U.S. 1193 (1995).   A review of counsel's performance is entitled to highly deferential review.   Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc), cert. denied, 531 U.S. 1204 (2001).   Therefore, a petitioner must show, given all the circumstances, that counsel's performance fell outside the "wide range of professionally competent assistance."   Scott v. United States, 890 F.3d 1239, 1258 (11th Cir. 2018) (internal quotation marks and citation omitted), cert. denied, 139 S. Ct. 842 (2019).

14

To satisfy the prejudice prong, which also must be satisfied in order to meet the Strickland standard, the petitioner must show a reasonable probability that, but for counsel's error, the result of the proceeding would have been different.   Martin, 949 F.3d at 667 (citing Padilla v. Ky., 559 U.S. 356, 366 (2010)).   This reasonable probability is one sufficient to undermine confidence in the outcome.   Strickland, 466 U.S. at 694.   "It is not enough for the defendant to show that the error had some conceivable effect on the outcome of the proceeding."   United States v. Phillips, 853 F. App'x at 626 (citing Strickland, 466 U.S. at 693)).   This requirement of showing actual prejudice includes cases involving serious mistakes, omissions, or errors by counsel.

The Court considers the totality of the evidence in its determination of whether a petitioner has met both prongs of the Strickland test.   Strickland, 466 U.S. at 695.   If a petitioner makes an insufficient showing on one prong, the district court need not reach the other.   Id. at 697.

Petitioner, the § 2255 movant, "bears the burden to prove the claims in his § 2255 motion."   Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir.), cert. denied, 577 U.S. 917 (2015); see also Beeman v. United States, 871 F.3d 1215, 1221-22 (11th Cir. 2017), cert. denied, 139 S. Ct. 1168 (2019).   Moreover, a § 2255 movant is not entitled to a hearing, much less relief, "when his claims

15

are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted and internal quotation marks omitted), cert. denied, 502 U.S. 1105 (1992).

## V.   DISCUSSION

In ground one of the § 2255 Motion, Petitioner claims his counsel performed deficiently for failure to object to the PSR and its calculation of three extra criminal history points affecting his custody and his eligibility for recidivism programming under the FSA causing him to stay in custody longer than he should.   (Civ. Doc. 1 at 4).   He said he raised the issue on appeal.   Id. Respondent agrees, noting Petitioner raises the same claim in his § 2255 Motion that he raised on direct appeal.   (Civ. Doc. 3 at 8).   Upon review, Petitioner previously raised his claim of ineffective assistance of counsel on appeal.

In their Response (Civ. Doc. 3 at 10-11), Respondents argue that Petitioner is procedurally barred by prior resolution from raising the claim raised in ground one because the claim of ineffective assistance of counsel was previously resolved by the Eleventh Circuit and cannot be relitigated on collateral review, referencing the comparable claim raised in Petitioner's Appellate brief, Phillips, 2020 WL 5652216, at *12 ("Mr. Phillips is prejudiced

16

by the error because the increased criminal history points affect his classification and custody within the Bureau of Prison, limiting the rehabilitative programs available to him.") (footnote omitted).   As such, Respondent contends, since Petitioner previously claimed that his counsel's failure to object to the calculation of his criminal history score in his PSR led to the assessment of a higher guidelines range and security classification within the BOP, he is now barred from raising it in his § 2255 Motion as it cannot be re-litigated in a collateral attack once the matter has been decided adversely to Petitioner.   Id.   See Phillips, 2020 WL 5652216, at *8, 12 (Appellate Brief).

Apparently, Petitioner is claiming that he is prejudiced because he is considered medium risk, not minimum or low risk for recidivating or housing. On May 10, 2022, Petitioner made an Inmate Request to Staff asking how his "incorrect criminal history rating is [prejudicing him] as in terms of my security rating and my PATTERN score which effects my being eligible for going to a low or camp and effects [sic] me being eligible for going to a low or min [recidivist] level?"   (Civ. Doc. 1-4 at 2).   On May 25, 2022, a BOP staff member responded:

> I am unable to determine if your criminal history score is incorrect.  However, if it is incorrect, then it *could possibly* affect your overall security classification.

17

You[r] criminal history score is currently scored as (10) 15 points. [Currently], your overall security total is 17 which is medium custody level. Additionally, your criminal history score *could affect* your criminal history points towards you[r] pattern risk assessment. If your criminal history score was decreased then it *could affect* you[r] pattern risk score. You are currently scored as medium risk (41). Current guidance indicates that you need to be minimum or low custody to apply FSA credits. You are currently FTC eligible.

<u>Id</u>. (emphasis added).

Petitioner is unable to qualify for a reduction of sentence pursuant to the recidivism incentives that he has completed or may complete pursuant to 18 U.S.C. 3632(d)(4)(ii) (FSA). The FSA provides in pertinent part:

(d) "**Evidence-based recidivism reduction program incentives and productive activities rewards.** – The System shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs as follows:

. . .

**(4) Time credits.** –

**(A) In general.** – A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:

(i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-

18

> based recidivism reduction programming or productive activities.
>
> (ii) A prisoner determined by the Bureau of Prisons to be at a *minimum or low risk for recidivating*, who, over 2 consecutive assessments, has not increased their risk of recidivism, *shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.*

Id. (emphasis added).

Notably, "the FSA expressly provides that while an inmate who has a PATTERN score of medium or high risk of recidivism is eligible to complete EBRR programs and PAs, the successfully completed programs and PAs are not applied towards the inmate's time credits until [he] has received a minimum or low risk PATTERN score for two consecutive assessments for prerelease custody and a minimum or low risk PATTERN score for the last reassessment for supervised released [sic]." Brown v. Garrett, No. 7:22-cv-00551-AMM-JHE, 2022 WL 18161601, at *3 (N.D. Ala. Dec. 22, 2022) (Report and Recommendation), report and recommendation adopted by 2023 WL 130519 (N.D. Ala. Jan. 9, 2023).  Of note, the petitioner in Brown admitted that she would never be considered low or minimum risk due to her past criminal history.  Id. (citations omitted).

19

The government relies on the reasoning in United States v. Nyhuis, 211 F.3d 1340 (11th Cir. 2000), cert. denied, 531 U.S. 1131 (2001), for its contention that Petitioner's claim of ineffective assistance of counsel cannot be re-litigated in this proceeding.   The Eleventh Circuit instructs: "[o]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2555."   Id. at 1343 (quoting United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977)) (footnote omitted).   On direct appeal, Petitioner clearly presented the issue of ineffective assistance of counsel for failure to object to the calculation of the criminal history score in the PSR, which led to a higher guidelines range and security classification within the BOP.   The Eleventh Circuit recognized that Petitioner raised this particular claim but rejected it for failure to establish prejudice.   Phillips, 853 F. App'x at 624, 628.

The record demonstrates Petitioner presented the same claim on direct appeal, relying on the BOP Program Statement 5100.08 in the appellate brief. Phillips, 2020 WL 5652216, at *12 n.2.   Petitioner has not shown a changed circumstance of fact or law since the Eleventh Circuit rendered its decision. Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995) (refusing to reconsider an issue decided on direct appeal).   Moreover, he has not claimed an intervening change in the law.   See Stoufflet v. United States, 757 F.3d

1236, 1242 (11th Cir. 2014) (finding there had been no retroactive change in law that would render an earlier consideration of the claim incorrect as a matter of constitutional law or a complete miscarriage of justice).

In the absence of changed circumstances of fact or law, this Court will not reconsider an issue which was already decided on direct appeal.  See Fields v. United States, Nos. 8:17-cv-183-T-24TGW, 8:13-CR-198-T-24TGW, 2018 WL 8787333, at *3 (M.D. Fla. Aug. 24, 2018) (not reported in F. Supp.) (relying on Nyhuis, 211 F.3d at 1343).  Petitioner has neither asserted nor shown changed circumstances of fact or law.  The Eleventh Circuit decided the attendant issue adversely to Petitioner; therefore, Petitioner "is simply rehashing" the very issue that has already been affirmed by the Eleventh Circuit.  Friedlander v. United States, No. 8:09-cv-119-T-17TGW, 2012 WL 12949738, at *3 (M.D. Fla. Oct. 31, 2012) (not reported in F. Supp.).  Thus, the prior resolution of the claim of ineffective assistance of trial counsel bars reconsideration of Petitioner's claim that counsel was ineffective for failing to object to the PSR.  As such, ground one of the § 2255 Motion is barred from review by this Court inasmuch as the issue was already resolved on direct appeal.   Furthermore, Petitioner "has established no extraordinary circumstance that would justify reconsideration" of this claim.  See Covington v. United States, No. 8:10-CV-2500-T-30TBM, 2012 WL 3835083, at *14 (M.D.

Fla. Sept. 4, 2012) (not reported in F.Supp.2d) (citing <u>Schlup v. Delo</u>, 513 U.S. 298 (1995); <u>Davis v. United States</u>, 417 U.S. 333 (1974)).

In the alternative, the Court finds ground one has no merit as Petitioner merely presents a claim of hypothetical prejudice, "due to the possibility of a different placement or eligibility." <u>Phillips</u>, 853 F. App'x at 627. <u>See</u> (Civ. Doc. 3, Response at 12-13). This Court's determination that it would have imposed the same total sentence renders the purported calculation error harmless. Recognizing it is an open question in the Eleventh Circuit, assuming arguendo an error in the PSR concerning the criminal history calculation otherwise has a close connection to the criminal process, Petitioner cannot establish prejudice due to his counsel's allegedly defective performance because Petitioner is relying on the mere possibility that in lowering his criminal history score through the correction of his criminal history score from 15 to 12 the BOP will have to consider Petitioner to be less than medium risk, deem him eligible for minimum or low custody, apply FSA credits, and assign him to correspondingly low custody BOP facilities.

To support this contention, Petitioner has presented a response from a BOP staff member that stated a change in Petitioner's criminal history score "could possibly affect" his overall security classification, not that it would affect it. (Civ. Doc. 1-4 at 2). Additionally, the BOP staff member stated that if the

22

criminal history score were decreased, "then it could affect" the pattern risk score.   This response does not show that but for the increase in the BOP security-classification due to Petitioner's inaccurate criminal history calculation he would have been eligible for lower custody institutions or programs.

There are several weaknesses in Petitioner's argument.   Although his criminal history score could drop from 15 to 12, there is much more that goes into Petitioner's pattern risk assessment.   Petitioner has a history of violence, including a conviction for armed kidnaping.   As noted by Respondents, "Phillips lengthy criminal history may preclude him from participating in evidence-based recidivism programs absent the three points that serve as the basis for his ineffective-assistance claim."   (Civ. Doc. 3, Response at 12 n.4). Also, this Court found Petitioner to be "a statistical anomaly," still committing crimes as a middle-aged adult.   (Crim. Doc. 65 at 53).   Needless to say, this Court did not consider Petitioner to be a low risk for recidivism as his criminal history is both substantial and serious.

Even if Petitioner's security point score went down with correction, that "is not the only factor used in determining a commensurate security level for an inmate."   See Program Statement 5100.08, Inmate Security Designation and Custody Classification Manual, Chapter 1 at 2.   The application of a PSF

23

(Public Safety Factor) or MGTV (Management Variable) "could effect placement at either a higher or lower level institution than the specified point total indicates."  <u>Id</u>.   Additions or deletions to PSF may be made at any time.  <u>Id</u>., Chapter 5 at 7.   Also, a maximum of three MGTV's may be entered for each case.   <u>Id</u>., Chapter 5 at 1.

The Eleventh Circuit insists upon a showing of actual prejudice, and Petitioner has not met that standard.   <u>See</u> <u>Castillo</u>, 722 F.3d at 1289.   Again, "[a] mere claim of hypothetical prejudice due to the possibility of a different placement or eligibility for a program does not satisfy the standard of actual prejudice."   <u>Phillips</u>, 853 F. App'x at 627.   There are simply too many variables at play as to whether Petitioner would be considered to be a minimum or low-risk inmate by the BOP even with an adjustment to his criminal history score or meet the qualifications for and be placed in a minimum or low custody institution.   As such, relief on ground one is due to be denied.

## VI.   CONCLUSION

Having considered Petitioner's claim of ineffective assistance of counsel, and finding the claim does not warrant relief under 28 U.S.C. § 2255, it is hereby **ORDERED:**

24

1.      Petitioner's Motion Under 28 U.S.C. § 2555 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civ. Doc. 1) is **DENIED**.

2.      The **Clerk** is directed to enter judgment in favor of the United States and against Petitioner, and close the file.

3.      If Petitioner appeals this Order, **the Court denies a certificate of appealability**.[6]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of May, 2023.

_____
BRIAN J. DAVIS
United States District Judge

---

  [6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

sa 5/17
c:
James Edward Phillips, III
Counsel of Record